IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

JOHN FELIX GREER,

      Petitioner,

v.                                      Case No. 1:15-cv-11735

BART MASTERS, Warden,
FCI McDowell,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1), the petitioner's Motion for Summary Judgment (ECF No. 4), the petitioner's Motion to Expedite Disposition and Motion for Summary Judgment (ECF No. 9), and the petitioner's Motion to Take Judicial Notice Pursuant to Fed. R. Civ. P. 201 (ECF No. 10). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT IN PART** and **DENY IN PART** the petitioner's Motion to Take Judicial Notice under Fed. R. Civ. P. 201 (ECF 10), **DENY** the petitioner's Motion to Expedite and Motions for Summary Judgment (ECF Nos. 4 and 9), **DENY** the petitioner's section 2241 petition (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The petitioner's criminal convictions and sentences.

The petitioner is incarcerated at the Federal Correctional Institution McDowell ("FCI McDowell"), in Welch, West Virginia, serving an aggregate 360-month term of imprisonment imposed by the United States District Court for the Western District of Tennessee in two different criminal matters. On March 14, 2006, the petitioner was convicted by a jury of one count of interfering with commerce by threats of violence, in violation of 18 U.S.C. § 1951 (Count One); one count of carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three). (*United States v. Greer*, 2:04-cr-20009-STA-1, Jury Verdict, ECF No. 99). The petitioner had previously been convicted in the United States District Court for the Western District of Tennessee of Bank Robbery by Force or Violence, in violation of 18 U.S.C. §§ 2113(a) and (d), for which he was sentenced to 78 months in prison, followed by a five-year term of supervised release. (*United States v.* Greer, Case No. 2:97-cr-20074, Judgment & Convction ("J&C"), ECF No. 33). On April 5, 2006, the petitioner's term of supervised release in Case No. 2:97-cr-20074 was revoked and the petitioner was sentenced to 36 months in prison. (*Id.*, J&C, ECF No. 94). Based upon his convictions in Case No. 2:04-cr-20009, on July 11, 2006, the petitioner was sentenced to 324 months in prison, followed by a three-year term of supervised release. His J&C in that matter was entered on July 12, 2006. (Case No. 2:04-cr-20009, J&C, ECF No. 110). The petitioner's sentences were ordered to run consecutively.

### B.     The petitioner's direct appeal and section 2255 proceedings.

The petitioner subsequently filed an unsuccessful direct appeal to the United States Court of Appeals for the Sixth Circuit concerning his conviction in Case No. 2:04-cr-20009, in which he challenged the sufficiency of the evidence presented at trial, and the admission of testimony concerning the nature of his prior convictions. *United States v. Greer*, 239 F. App'x. 169 (6th Cir. 2007). On August 4, 2008, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee. (*Greer v. United States*, Case No. 2:08-cv-02525, Motion to Vacate, ECF No. 1). As grounds for relief therein, the petitioner alleged as follows: (1) "Defendant/Petitioner was denied due process of law in case number 04-20009;" (2) "The plaintiff in case number 04-20009 did not have proper standing;" and (3) "The statute 18 U.S.C. § 3231 is an unconstitutional act of Congress." *Id.* By Memorandum Opinion and Order entered on January 5, 2009, the District Court addressed the merits of Petitioner's claims and denied his section 2255 motion. (*Id.*, ECF No. 2). The petitioner also filed unsuccessful Rule 60(b) motion and a Motion to Amend or Correct Judgment in his section 2255 action. (*Id.*, ECF Nos. 4-7).

### C.     The petitioner's prior section 2241 petitions.

On April 20, 2009, the petitioner filed a *pro* se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana, where he was incarcerated at the time. (*Greer v. Marberry*, Case No. 2:09-cv-0143, Petition, ECF No. 1). In that petition, he alleged the follow grounds for habeas relief:

>(1) "18 U.S.C. § 3231 is wholly repungnant to the judicial Article of the Constitution;" (2) "The district court erroneously applied or interpreted that statute, 18 U.S.C. § 3231, in case number 04-20009;" (3) "Defendant's vested right to a determination of standing and case or controversy was effectively abridged;" (4) "Remedy under Section 2255 was and is inadequate and ineffective as a means to test the legality of detention." (*Id.*)

By Order entered on May 12, 2009, the District Court determined that the petitioner was challenging the validity of his sentence and dismissed his section 2241 petition for lack of jurisdiction. (*Id.*, ECF Nos. 3 and 4). Although the petitioner filed an appeal of the denial of this petition, he subsequently voluntarily dismissed the appeal. (*Id.*, ECF No. 5, 11).

On May 1, 2012, the petitioner filed another *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia, because he was now incarcerated in this district. (*Greer v. Hogsten*, Case No. 1:12-cv-01355, Petition, ECF No. 1). In that petition, he alleged the follow grounds for habeas relief:

>(1) The execution of a sentence illegally passed by the United States District Court for the Western District of Tennessee, Western Division, was effected in an unlawful manner, contrary to the rule of law, whereby, the continued illegal deprivation of petitioner's liberty was perfected, contrary to the Due Process Clause of the Fifth Amendment of the Constitution of the United States;
>
>(2) Incident to the subsequent exercise of jurisdiction by the United States District Court for the Western District of Tennessee in the absence of concurrence in the first instance between any written law and the Articles of the Constitution in virtue of which the United States District Court that created the court effect the unjustified indictment, arrest, pre-trial detention, prosecution, conviction, and continued post-trial detention of petitioner, contrary to the Due Process and Grand Jury Clauses of the Fifth Amendment of the Constitution;
>
>(3) The criminal statutes on which the indictment in the United States District Court for the Western District of Tennessee rested are unconstitutionally vague to the extent of the absence therein of any express declaration of the court to which jurisdiction over the punishment of the

violation thereof shall be vested. Thus, the enforcement of those criminal statutes notwithstanding the absence of such express declaration or any other written law appropriately conferring jurisdiction over the subject-matter thereof, effected the unjustified deprivation of petitioner's liberty contrary to the Due Process and Grand Jury Clauses of the Constitution and the mandate of the Non-Detention Act;

(4) The United States District Court for the Western District of Tennessee lost jurisdiction of the case therein from the beginning upon its failure to complete itself within the meaning of the assistance of counsel clause of the Constitution. Petitioner was denied the effective assistance of counsel at the pre-trial stage, include as well, counsel's performance in relation to the plea offered by the prosecution.

(*Id.*) On March 28, 2013, the presiding District Judge denied that petition as being a successive section 2255 motion over which this court lacked jurisdiction. (*Id.*, Memorandum Opinion and Order, ECF No. 25).

### D. The petitioner's instant section 2241 petition.

On August 3, 2015, the petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition, ECF No. 1) and a Memorandum in support thereof (Memorandum, ECF No. 2). In his section 2241 petition and Memorandum, the petitioner contends that he was denied due process of law because the Federal Bureau of Prisons' ("BOP") Designation and Computation Center ("DSCC") and the Warden at FCI McDowell allegedly did not comply with the second provision under BOP Program Statement 5800.15, 502(c), which states as follows:

> Prior to calculating an inmate's sentence, DSCC staff will carefully analyze the J&C to ensure it is in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines.
>
> <u>Each J&C must be examined carefully to ensure that it is a bonafide legal document that has been issued by the appropriate court.</u>

U.S. Dep't of Justice Program Statement No. 5800.15, section 502(c) (2009),

http://www/bop.gov/resources/policy_and_forms.jsp [Emphasis added]. The petitioner's section 2241 petition asserts:

> Petitioner was denied due process of law afforded under the procedural safeguards required under Program Statement 5800.15, 502(c)'s second provision.
>
> The BOP proceeded without regard to the second provision under P.S. 5800.15, 502(c), in the procedures leading to its execution of the process in this case. Moreover, it failed to comply with its own rules and/or its own regulation.

(ECF No. 1 at 6-7). The "Request for Relief" section of the petition states:

> To find that the BOP (the DSCC or the Warden of FCI McDowell) can be shown to have afforded the petitioner the procedural safeguards required under its own regulation and to issue an order discharging petitioner from all forms of physical imprisonment.

(*Id.* at 8).

The Memorandum accompanying the petitioner's section 2241 petition indicates that he exhausted the available administrative remedies and he has attached his administrative remedy documents as exhibits thereto. (ECF No. 2 at 11-24). The Memorandum further states:

> The plain language of this program statement makes it clear that the BOP, that is to say the DSCC and the Warden of FCI McDowell, had an "affirmative obligation" . . . under that regulation "to ensure that [the Judgment and Commitment coming into their hands] ha[d] been issued by the appropriate court, PS 5800.15, 502(c); *Hollerbach v. Southern Concrete*, 1995 U.S. Dist. LEXIS 14990 (4th Cir. 1995), moreover, was issued from "the appropriate court of competent jurisdiction."

(*Id.* at 4) [Internal citations omitted]. The Memorandum further appears to assert that the absence of a reference to the second section of Program Statement 5800.15 in the BOP's respective responses to his administrative remedies demonstrates that the DSCC and the Warden of FCI McDowell "proceeded without regard to" that provision. In

6

essence, he appears to contend that, because the administrative remedies do not mention that specific provision, the BOP staff must not have conducted such a review.

On August 26, 2015, the plaintiff also filed a Motion for Summary Judgment (ECF No. 4), in which he asserts that he is entitled to judgment as a matter of law on the due process claim asserted in his section 2241 petition because:

> [R]espondent's failure to substantively demonstrate any regard for the specific requirement of that particular provision of "its own regulation" . . . in any of its respective administrative remedy responses (BP-8–BP-11, attached here by reference) at either stage of the administrative remedy process would then seem to preclude or betray any presentation of evidence at this stage of a "genuine issue of material fact" or "dispute" regarding the sufficiency of petitioner's allegation of fact for which a reasonable jury can enter a verdict for the moving party.

(ECF No. 4 at 5). Thus, the petitioner again appears to be arguing that the failure of the BOP staff who responded to his administrative remedies to specifically refer to the second section of Program Statement 5800.15 conclusively demonstrates that they failed to conduct the requisite review. On November 30, 2015, the petitioner filed a Motion to Expedite Disposition and Motion for Summary Judgment (ECF No. 9), seeking an expedited summary ruling, directing his release from prison.

Because it conclusively appears from the face of the petition and other documents filed herein that the petitioner is not entitled to his requested relief, the respondent has not been ordered to respond to the petition or other motions.

## ANALYSIS

### A. The Motion to Take Judicial Notice.

On January 11, 2016, the petitioner filed a motion in which he requests that this District Court take judicial notice of various facts and authorities pursuant to Rule 201 of

the Federal Rules of Evidence, which provides in pertinent part:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> **(b) Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(a) and (b). The court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c). Because no response has been ordered to the section 2241 petition or the petitioner's motions, the respondent has not been notified or given an opportunity to be heard on the petitioner's judicial notice request.

Upon review of the petitioner's motion, should the presiding District Judge find that taking any judicial notice is appropriate and necessary, the undersigned proposes that the court take judicial notice of the following, pursuant to Rule 201 of the Federal Rules of Evidence:

1. That the Federal Bureau of Prisons has a published Program Statement 5800.15, section 502(c), and that the second sentence in the section states "Each J&C must be examined carefully to ensure that it is a bonafide legal document that has been issued by the appropriate court." U.S. Dep't of Justice Program Statement No. 5800.15, section 502(c) (2009), http://www/bop.gov/resources/policy_and_forms.jsp

2. That the petitioner filed administrative remedy requests at the BP-8, BP-9, BP-10, and BP-11 levels and received responses by BOP staff at each level, as evidenced by the documents attached to the petitioner's Memorandum in support of his section 2241

8

petition (ECF No. 2 at 11-24).

3. That Article III, Section 2, Clause 1 of the United States Constitution states in pertinent part: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties, made, or which shall be made under their Authority."

The undersigned further proposes that the presiding District Judge otherwise decline to take judicial notice as requested in the petitioner's motion.

### B. The section 2241 petition and Motions for Summary Judgment.

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The petitioner has moved for summary judgment, claiming that there is no genuine issue of material fact, and that he can meet the section 2241 standard as a matter of law because the responses to his administrative remedies undisputedly demonstrate that the BOP did not comply with Program Statement 5800.15, section 502(c). In evaluating summary judgment motions, Rule 56(a) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a) (2010). Material facts are those necessary to establish the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

According to his administrative remedy documents, the petitioner lodged the informal complaint addressed in his BP-8 administrative remedy form on or about April

9

1, 2014, and the administrative remedy response was provided on April 3, 2014. (ECF No. 2 at 11-12). The BP-8 document states:

> The Warden of FCI McDowell executed the judgment and original mittimus [sic; sp?] issued in the case of the United States of America v. John Felix Greer, and is detaining the defendant without justification under the law, pursuant to a de facto jurisdiction determination. Relief requested: To discharge prisoner from custody absent a substantive showing that justifies his detention under the law.

(*Id.* at 11). The BP-8 response states:

> A review of your request has determined that you were sentenced on April 5, 2006, in the United States District Court, Western District of Tennessee. You were sentenced to a term of 36 months by Jon Phipps McCalla, U.S. District Judge. On July 11, 2006, you were sentenced in case 2:04CR20009-01-B by J. Daniel Breen, U.S. District Judge, to an additional total term of 324 months. This sentence was aggregated with the previous case for a total of 360 months. A signed copy of both Judgment and Commitment orders are maintained in your Central File, as well as in your Judgment and Commitment file. Your sentence began on April 5, 2006.
>
> Per Program Statement 5800.15, Correctional Systems Manual, "prior to calculating an inmate's sentence, DSCC staff will carefully analyze the J&C to ensure it is in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines." Your sentence computation was certified as correct by the Designation and Sentence Computation Center (DSCC).

(*Id.* at 12).

The petitioner then filed his BP-9 Request for Administrative Remedy on April 6, 2014. (ECF No. 2 at 14). That request states:

> To discharge prisoner from custody. Because neither the BOP's Designation and Sentence Center's, nor Warden of FCI McDowell's reliance on P.S. 5800.15 satisfies the "due process of law," *Hamdi v. Rumsfeld*, 542 U.S. 507, 530-31 (2004); *U.S. v. Lee*, 106 U.S. 196, 220 (1882); *Ex parte Virginia*, 100 U.S. 339, 347 (1880), requirement equally imposed upon both, to determine "whether [the] process, sentence, and/or judgment of the District Court was issued from a court of competent jurisdiction." *IN re Anderson*, 94 F. 487, 495-96 (4th Cir. 1899); *Dynes v. Hoover*, 20 How. 65, 79-81 (1857). The requirements imposed upon the DSCC by PS 5800.15, however, are not equivalent to "[a]n 'appropriate' governmental

> determination," *Join Anti-Fascist v. McGrath*, 341 U.S. 123, 136 (1951) of "whether such process [was] issued from a court of competent jurisdiction." *In re Anderson, supra*, at 495-96; *Dynes v. Hoover, supra*, at 79-81, but merely a rubber-stamp presumation [sic] of a de facto jurisdiction possessed by the district court.

(*Id.*)   The BOP's response denying the BP-9 request states:

> Your request for Administrative Remedy, received April 16, 2014, has been reviewed. You allege that your Judgment and Commitment Order is unlawful. Furthermore, he request to be released from custody.
>
> A review of your request has determined that you were sentenced on April 5, 2006, in the United States District Court, Western District of Tennessee. You were sentenced to a term of 36 months to be served consecutive to case 2:04CR20009-B. This sentence was imposed by Jon Phipps McCalla, United States District Judge. On July 11, 2016 you were sentenced to a term of 324 months in case 2:04CR20009-01-B by J. Daniel Breen, United States District Judge. A signed copy of both Judgment and Commitment orders are maintained in your Central file, as well as in your Judgment and Commitment file. Your sentence began on April 5, 2006, and resulted in an aggregate term of 360 months imprisonment.
>
> Per Program Statement 5800. 15, <u>Correctional Systems Manual</u>, "prior to calculating an inmate's sentence, DSCC staff will carefully analyze the J&C to ensure it is in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines." Your sentence computation was certified as correct by the Designation and Sentence Computation Center (DSCC) on August 10, 2006.

(*Id.* at 15).

The petitioner's BP-10 Regional Administrative Remedy Appeal, which was filed

on May 19, 2014, states as follows:

> The reason for my appeal is that in his response, the Warden, Bart Masters, incorrectly states that I "alleged that my judgment and commitment order is unlawful." However, the basis of my grievance is that the execution of my sentence is unlawful because neither the Warden nor the BOP's Designation and Sentencing Center determined "whether [that] process was issued from a court of competent jurisdiction," as the requirements of due process of law demand. And, an "appropriate governmental determination," of "whether such process was issued from a court of competent jurisdiction" as the law requires.

(ECF No. 2 at 18). The BP-10 response states in pertinent part:

> You are appealing the Warden's response to your administrative remedy. You claim that the execution of your sentences unlawful and he request to be released from custody.
>
> Program Statement 5800. 12, <u>Receiving and Discharge Manual</u>, at Chapter 2, Paragraph 203, "Commitment Documentation," describes the documentation that is used to commit prisoners to the Bureau of Prisons facilities. The Judgment and Commitment Order is the document issued by a federal court on a sentenced inmate and describes the specific sentencing provisions of the court. Title 18, U.S.C. § 3621 states that the Bureau of Prisons is required to provide the custody and to determine the place of imprisonment for all sentence prisoners. Subsection (a) of Section 3621, states that a person who has been sentenced to a term of imprisonment, shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.
>
> Investigation of your complaint reveals that Judgment and Commitment Orders dated April 5, 2006 and July 11, 2006 are on file from the United States District Court for the Western District of Tennessee. These are the documents that commit you to the custody of the Bureau of Prisons.

(ECF No. 2 at 19).

On July 10, 2014, the petitioner filed his BP-11 Central Office Administrative Remedy Appeal, which states:

> The reason for my appeal of the Regional Director's response to my BP-10 appeal, is because such response neither showed that this prisoner's "imprisonment . . . conform[ed] with the fundamental requirements of law *Wingo v Wedding*, 418 US 461, 468-1974; *Re Mills*, 135 U.S. 263, 271 (1890), nor that "[a]n appropriate . . . determination," *Joint Anti-Fascist v. McGrath*, 341 U.S. 123, 136 (1951), as to "whether [the] process . . . [executed in this case was] issued from a court of competent jurisdiction." *In re Anderson*, 94 F. 487, 495-96 (4th Cir. 1899); *Dynes v. Hoover*, 20 How. 65, 79-81 (1857); Nor did such response provide for this prisoner's "immediate release." *Wingo, supra,* at 468.

(ECF No. 2 at 22). The BP-11 response states:

> This is in response to your Central Office Administrative Remedy Appeal wherein you allege you are confined on the basis of an illegal sentence. For

12

> relief, your request a review of your records and to be discharged from custody based on the due process of the law.
>
> You provide no new information in this matter beyond that which he supplied at the institution and regional office levels. A review of your record reveals on October 24, 2003, you were arrested in Memphis, Tennessee for Aggravated Robbery. Additionally, on January 13, 2004 you were indicted in the United States District Court, Western District of Tennessee, for Interference with Commerce by Threat or Violence and Felon in Possession of a Firearm.  On January 16, 2004, the state dismissed the Aggravated Robbery charges and released you to the custody of the United States Marshals Service for pending federal charges.
>
> On April 5, 2006, the United States District Court, Western District of Tennessee, sentenced you to a 36-month term of imprisonment for a supervised release violation.  On July 11, 2006, you are also sentenced in the same court to a 324-month term of imprisonment for Interference with Commerce by Threat or Violence and Felon in Possession of a Firearm, to run consecutive to your 36-month supervised release violation, for a total of 360 months.
>
> The Bureau of Prisons is charged with carrying out the intent of the sentencing court through designating the place of imprisonment and calculating your lawful release date. Furthermore after filing an appeal of your sentence, the Sixth Circuit Court of Appeals affirmed the District Court's judgment on August 8, 2007, stating "The District Court possessed subject matter jurisdiction over this federal prosecution pursuant to 18 U.S.C. § 3231."
>
> Absent an order from the Court, the Bureau of Prisons has no authority to release you from custody before the expiration of the term imposed by the sentencing Court.
>
> We find your sentence has been computed as directed by federal statute, Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u> and with the intent of the sentencing Court.

(ECF No. 2 at 23).

The petitioner's petition and motion documents herein appear to be yet another attempt at challenging his convictions and sentences based upon his repeated argument that the United States District Court for the Western District of Tennessee somehow

13

lacked jurisdiction to convict and sentence him. In his prior proceedings, he has repeatedly asserted that 18 U.S.C. § 3231 is an unconstitutional statute and, thus, the United States District Court lacked original jurisdiction over his case. Now, he attempts to bootstrap that argument to his contention that the execution of his sentence is unlawful by arguing that the BOP staff did not determine whether the Tennessee District Court is a court of competent jurisdiction, which is not specifically required by the language of Program Statement 5800.15, section 502(c).

The undersigned proposes that the presiding District Judge **FIND** that the administrative remedy documents provided with the petitioner's section 2241 petition and his Motion for Summary Judgment do not demonstrate as a matter of law that BOP staff failed to conduct a review in accordance with Program Statement 5800.15, section 502(c). Rather, the administrative remedy documents demonstrate that the requisite review was completed on April 10, 2006. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner has not demonstrated that he is in custody in violation of the Constitution, laws or treaties of the United States and, therefore, he is not entitled to any relief under 28 U.S.C. § 2241.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge:

1. **GRANT IN PART** and **DENY IN PART** the petitioner's Motion to Take Judicial Notice under Fed. R. Civ. P. 201 (ECF 10);

2. **DENY** the petitioner's Motion for Summary Judgment (ECF No. 4) and his Motion to Expedite Disposition and Motion for Summary Judgment (ECF No. 9); and

      3.    **DENY** the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

<u>February 29, 2016</u>

Dwane L. Tinsley
United States Magistrate Judge

15